**In re EASTERN CONSOLIDATED UTILITIES, INC., Debtor.**

**Bankruptcy No. 80–00065.**

United States Bankruptcy Court, E. D. Pennsylvania.

April 17, 1980.

I. Cyrus Gutman, Allentown, Pa., Robert H. Levin, Adelman & Lavine, Philadelphia, Pa., for trustee.

Alexander N. Rubin, Jr., Fell, Spalding, Goff & Rubin, Philadelphia, Pa., for debtor.

Herbert L. Levy, Allentown, Pa., for First Valley Bank.

Jacques H. Geisenberger, Jr., Lancaster, Pa., for Commercial Credit Equipment Corp. McCullagh Leasing, Inc.

## MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.[1]

On March 19, 1980, First Valley Bank, a creditor of the debtor, filed an application for the appointment of a trustee pursuant to 11 U.S.C. § 1104 (1979).[2] On March 25,

---

1. This memorandum and order constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. 11 U.S.C. § 1104 provides, in part:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of

1980, a hearing on the application was held, after which I. Cyrus Gutman, was appointed trustee.[3]

On April 7, 1980, the debtor, through newly-employed counsel, filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 923 of the Rules of Bankruptcy Procedure for reconsideration of the Court's order appointing the trustee, and, in the alternative, the debtor applied for termination of the trustee's appointment pursuant to 11 U.S.C. § 1105 (1979).[4] A hearing on the debtor's alternative prayers for relief was held on April 10, 1980, at which First Valley Bank, the original applicant for appointment of trustee, did not appear.[5] Commercial Credit was represented by counsel at the hearing, but offered no evidence in opposition to the debtor's § 1105 application.[6]

■ First, we conclude that Fed.R.Civ.P. 59(e) does not provide for the type of relief sought by the debtor. Rule 59(e) provides for the "alteration" or "amendment" of a judgment. The debtor's first prayer for relief, designated by it a "motion for reconsideration," is in the nature of a request to vacate the order appointing the trustee. In our view, this type of relief is not available under these circumstances pursuant to Rule 59(e). Therefore, debtor's motion for "reconsideration" shall be denied.[7]

■ Second, however, the Court does grant debtor's request to terminate the trustee's appointment, pursuant to § 1105, because we conclude that the circumstances which gave rise to the order appointing a trustee no longer exist.[8]

the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor. . . .

On April 10, 1980, the Court granted the application of Commercial Credit Equipment Corp. McCullagh Leasing, Inc., ("Commercial Credit"), another creditor of Eastern Consolidated, for permissive joinder, *nunc pro tunc*, in First Valley Bank's application for appointment of trustee.

3. The Court heard undisputed testimony that the officers of the debtor accepted unauthorized payments from the debtor after the filing of the Chapter 11 petition. In addition, there was undisputed testimony that the debtor had paid money on account of pre-petition debts. For these reasons, and based upon other evidence presented, the Court found that grounds existed under both 11 U.S.C. § 1104(a)(1) and (2) to appoint a trustee.

The principals of the debtor did not oppose the appointment of a trustee.

4. Rule 59(e) states that "A motion to alter or amend the judgment shall be served not later than 10 days after the entry of judgment."

11 U.S.C. § 1105 states:

At any time before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court may terminate the trustee's appointment and restore

the debtor to possession and management of the property of the estate, and operation of the debtor's business.

5. By letter to the Court dated April 11, 1980, the Bank, by its counsel, stated that it would not oppose the debtor's application.

6. The only significant opposition to debtor's application was presented by the trustee.

7. The editors of *Collier on Bankruptcy* (15th ed.) state the following with regard to terminating a trustee's appointment:

Presumably, the draftsmen intended that the trustee's appointment be rescinded if the court determines that, based upon facts which were not available at the time of the original hearing under section 1104(a), the original order of appointment of a trustee was improvidently granted.

5 *Collier on Bankruptcy* ⸗ 1105.01 (15th ed. 1979).

At the § 1105 hearing, no party contended that the Court ought to rescind the trustee's appointment as improvidently granted, based upon facts not available at the time of the original hearing on March 25, 1980.

8. The editors of *Collier on Bankruptcy* state that § 1105

permits the court to terminate the appointment of a trustee where conditions have changed subsequent to the court's order of appointment and the continued service by a trustee is not in the interests of creditors, equity security holders, and other interests of the estate.

5 *Collier on Bankruptcy* ⸗ 1105.01 (15th ed. 1979).

The major cause of the debtor's difficulties which led to this Court's previous § 1104 findings appears to have been the result of ill-advised legal counsel. Since the entry of the order appointing the trustee, the debtor has retained competent, experienced legal counsel. That the debtor now has competent counsel is not disputed. What the trustee did dispute at the § 1105 hearing, was whether the hiring of competent bankruptcy counsel was enough to remedy the situation which originally led to the appointment of a trustee. We conclude that the hiring of new counsel, combined with the stated intention of the principals of the debtor to comply with the requirements of the bankruptcy code, render the continued services of a trustee unnecessary.[9] Therefore, his appointment shall be terminated.

---

9. In addition, we accept the debtor's testimony that additional financial controls, including posting of proper ledgers, will be implemented forthwith by the employment of a competent bookkeeper, guided by the debtor's accounting firm.